```
              UNITED STATES DISTRICT COURT
               MIDDLE DISTRICT OF FLORIDA
                  FORT MYERS DIVISION
```

MARY A. POTTER,

    Plaintiff,

v.                               Case No: 2:25-cv-700-JES-KCD

AUTO-OWNERS INSURANCE
COMPANY,

    Defendant.

_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiff's Motion to Remand (Doc. #18) filed on September 2, 2025, and Request for Hearing (Doc. #19) filed on September 5, 2025. Defendant filed a Response in Opposition (Doc. #20) on September 8, 2025. As the party seeking federal jurisdiction, the burden is upon defendant to establish diversity jurisdiction as of the date of removal. Sammie Bonner Constr. Co. v. W. Star Trucks Sales, Inc., 330 F.3d 1308, 1310 (11th Cir. 2003). The Court finds a hearing is not necessary.

**I.**

On May 19, 2025, plaintiff filed a Complaint (Doc. #3) in Lee County Circuit Court against Auto-Owners Insurance Company (defendant) seeking uninsured/underinsured motorist benefits under a policy of insurance after plaintiff was injured in a motor vehicle accident. Defendant issued a policy of insurance to

Coastal Plumbing and Mechanical Corporation that includes uninsured motorist benefits of $100,000. (Doc. #1-6 at 43.) On or about January 10, 2023, underinsured motorist Marcos Maldonado was operating a 2008 Toyota Tundra when he rear-ended the motor vehicle operated by Mary A. Potter (plaintiff). At the time of the accident, plaintiff was an "insured" as defined by the Policy and the 2020 Chevy Traverse was an "uninsured motor vehicle" under the Policy.

Plaintiff is alleged to be a "resident" of Lee County, Florida, and defendant is a corporation authorized to issue insurance policies in the State of Florida. (Id. at ¶¶ 2-3.) The Civil Cover Sheet (Doc. #1-6 at 2) submitted to state court marked the claim as over $100,000. The State of Florida accepted service of process and forwarded electronic delivery to defendant's designated agent on May 22, 2025. (Id. at 18.) Defendant appeared through counsel and filed an Answer and Affirmative Defenses (Doc. #4) and Initial Discovery Disclosures (Doc. #18 at 39) on June 9, 2025.

On August 7, 2025, defendant removed the case to federal court based on the presence of diversity jurisdiction under 28 U.S.C. § 1332. (Doc. #1 at ¶ 9.) Defendant states that it is incorporated in the State of Michigan with a principal place of business in Michigan. (Id. at ¶¶ 10-11.) Defendant states that plaintiff's address of more than 10 years was provided by the Answers to

- 2 -

Interrogatories (Doc. #1-2) indicating an address in North Fort Myers, Florida. Defendant further indicates production of a current Florida driver's license and public records from the Lee County Supervisor of Elections confirming that plaintiff is registered to vote in Lee County, Florida, and has been since 1995, showing an intent to remain in Florida. (Doc. #1 at ¶¶ 14-15.) Defendant alleges that plaintiff is therefore domiciled in Florida for purposes of complete diversity. Defendant alleges that the amount in controversy is also met based on the allegations in the Complaint, injuries, the number of post-incident providers, and past medical expenses totaling $79,461.62. (Id. at ¶¶ 25-30.)

## II.

Plaintiff seeks to remand the case to state court, arguing that the notice of removal was untimely filed. "The untimeliness of a removal is a procedural, instead of a jurisdictional, defect." In re Uniroyal Goodrich Tire Co., 104 F.3d 322, 324 (11th Cir. 1997). Plaintiff does not argue that the parties are not diverse or that the amount in controversy cannot be met.

Plaintiff argues that the face of the complaint was sufficient to deduce a diversity of citizenship between the parties and an adequate amount in controversy. Plaintiff argues that the 30-day window to remove began on May 22, 2025, when defendant was served. (Doc. #18 at ¶¶ 17-18.) Plaintiff also points out that the policy

was issued to plaintiff as a resident of Florida.[1]  (Id. at 20.) However, neither the Complaint nor the Policy make any allegations regarding the *citizenship* of plaintiff.

A notice of removal must be filed within 30 days after "receipt by the defendant" of the initial pleading – in this case May 22, 2025 – which did not occur.  28 U.S.C. § 1446(b)(1).  In this case, removal occurred on August 7, 2025, approximately two months after defendant's appearance in the state case.  Defendant relied on "other paper" for the removal.

> [I]f the case stated by the initial pleading is not removable, a notice of removal may be filed within 30 days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable.

28 U.S.C. § 1446(b)(3).  "Courts have included within the term 'other paper' responses to requests for admissions, settlement offers, interrogatory responses, deposition testimony, demand letters, and emails estimating damages." Brito v. Harris & GTS Transp. Corp., No. CV 322-038, 2022 WL 2835852, at *1 (S.D. Ga. July 20, 2022) (citing Lowery v. Alabama Power Co., 483 F.3d 1184, 1212 n.62 (11th Cir. 2007) (citations omitted)).  Plaintiff argues that the "other paper" should be defendant's Initial Discovery

---

[1] Defendant argues that this argument fails because plaintiff is not the named insured or a scheduled driver under the policy. (Doc. #20 at ¶¶ 19-20.)

Disclosures (Doc. #18 at 39) filed on June 9, 2025, however the document fails to provide the necessary information to establish plaintiff's citizenship.

Defendant relies on Answers to Interrogatories signed on July 10, 2025, a driver's license, and voter registration information to verify plaintiff's citizenship and domicile. Documents or evidence indicating domicile include "where civil and political rights are exercised, where taxes are paid, where real and personal property are located, where driver's and other licenses are obtained … and where memberships in local professional, civil, religious or social organizations are established." Slate v. Shell Oil Co., 444 F. Supp. 2d 1210, 1215 (S.D. Ala. 2006) (citations omitted). "In order to be a citizen of a State within the meaning of the diversity statute, a natural person must both be a citizen of the United States and be *domiciled* within the State." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 828 (1989) (emphasis added). Pleading residency is not the equivalent of pleading domicile. Molinos Valle Del Cibao, C. por A. v. Lama, 633 F.3d 1330, 1341 (11th Cir. 2011); Corporate Mgmt. Advisors, Inc. v. Artjen Complexus, Inc., 561 F.3d 1294, 1297 (11th Cir. 2009); Taylor v. Appleton, 30 F.3d 1365, 1367 (11th Cir. 1994). "A person's domicile is the place of his true, fixed, and permanent home and principal establishment, and to which he has the intention of returning whenever he is absent therefrom." McCormick v.

Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002) (internal quotation marks and citations omitted).

As defendant required the "other paper" to establish plaintiff's domicile, and removal took place within 30 days of the "other paper", the removal was timely.

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Request for Hearing (Doc. #19) is **DENIED.**

2. Plaintiff's Motion to Remand (Doc. #18) is **DENIED.**

**DONE and ORDERED** at Fort Myers, Florida, this ___10th___ day of September 2025.

_____
JOHN E. STEELE
SENIOR UNITED STATES DISTRICT JUDGE

Copies:
Counsel of Record